00-5101.021-JCD								July 15, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED

JUL 1 7 2002

MORTGAGE RECRUITERS, INC.,                )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )   No. 00 C 5101
                                          )
1st METROPOLITAN MORTGAGE CO.,            )
a/k/a FIRST METROPOLITAN MORTGAGE         )
CO., an Illinois corporation, and         )
ELIE MELLUL,                              )
                                          )
            Defendants.                   )

## MEMORANDUM OPINION

Before the court is plaintiff's motion to dismiss defendants' counterclaim. The counterclaim attempts to state a claim for fraudulent misrepresentation against plaintiff, Mortgage Recruiters, Inc. ("MRI") and MRI's president, Russell Mills, in connection with MRI's placement of mortgage office branch managers with defendant First Metropolitan Mortgage Co. ("First Metro"), a mortgage company. There are seven alleged false statements in the counterclaim. According to First Metro, MRI and/or Mills said that:

1. MRI "would only procure branch managers" with a certain "knowledge and skill set" (¶ 13);
2. MRI "would perform a complete and exhaustive background check on any candidate" (¶ 13);
3. MRI "would provide" First Metro with certain written documents regarding candidates (¶ 14);
4. MRI "would only send 'huge producers'" to First Metro as candidates for branch managers (¶ 15);



5. "MRI was affiliated with employment associations throughout the country" (¶ 15);
6. "MRI was the lead recruiter for Wells Fargo Bank" (¶ 15); and
7. "MRI had authority to transact business in states other than Florida" (¶ 15).

(Defendants' Counterclaim, ¶¶ 13-15.)

Statements ##1-4 do not constitute an adequate basis for a fraud claim because they are promises of future conduct, which are not actionable under Illinois law unless they are "particularly egregious" or "embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy." See Properties Unlimited, Inc. Realtors v. Cendant Mobility Servs., No. 01 C 8375, 2002 WL 1147460, at *2 (N.D. Ill. May 28, 2002) (quoting Desnick v. American Broad. Cos., 44 F.3d 1345, 1354 (7th Cir. 1995)). In determining if First Metro has stated a claim for promissory fraud, we also consider the vulnerability of the victim to the alleged promises. See id. First Metro, a mortgage company, does not appear to be a "vulnerable victim," and statements ##1-4 are mere puffing-type sales pitches. Such alleged misrepresentations are neither "particularly egregious" nor indicative of an elaborate fraudulent scheme; therefore, they are not actionable.

Statements ##5-7 do not suffer from the same problem, but First Metro fails to allege that these are false statements. The counterclaim does not state that, in fact, MRI was not affiliated with employment associations throughout the country, or that MRI

was <u>not</u> the lead recruiter for Wells Fargo Bank, or that MRI did <u>not</u> have authority to transact business in states other than Florida. The conclusory allegation that "MRI and Mills made" the purported statements "knowing and intending them to be false," (Complaint, ¶ 16), does not satisfy Rule 9(b)'s requirement that fraud claims be pled with particularity.

Accordingly, the counterclaim of defendant First Metropolitan Mortgage Co. is dismissed.

DATE: July 15, 2002

ENTER: _____
John F. Grady, United States District Judge