| Minute Order Form (06/97) | | | |
|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | |
| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
| **CASE NUMBER** | 00 C 5101 | **DATE** | January 27, 2003 |
| **CASE TITLE** | Mortgage Recruiters v. 1st Metropolitan and Mellul | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for partial summary judgment [36-1] is allowed. ENTER MEMORANDUM OPINION AND ORDER.

(11)   [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | JAN 29 2003 | 49 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | (Reserved for use by the Court) | |

00-5101.001	January 27, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

JAN 2 9 2003

MORTGAGE RECRUITERS, INC., )
)
        Plaintiff, )
)
v. ) No. 00 C 5101
)
1ST METROPOLITAN MORTGAGE CO., )
a/k/a FIRST METROPOLITAN MORTGAGE )
CO., and ELIE MELLUL, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

The court has considered the submissions of the parties on Plaintiff's Motion for Partial Summary Judgment and has concluded that the motion should be allowed.

Plaintiff seeks an order that the controlling contract in this case is the letter agreement of April 11, 2000, as modified by plaintiff's letter of April 17, 2000. The parties do not dispute that the April 17 letter, signed by both parties, is a binding contract. Neither is there a dispute that plaintiff's April 17 letter, modifying a term of the April 11 agreement, was a binding modification. Although defendant did not sign the April 17 letter, it indicated its acceptance of the modification when, on or about April 24, 2000, it sent plaintiff the $5,000 retainer referred to in the April 17 letter.

49

Thereafter, the parties discussed possible further modifications, and plaintiff sent defendant several written proposals. However, defendant never indicated either in writing or by any conduct that it accepted any of the proposed modifications or agreed to be bound by any of them. Instead, defendant sent plaintiff a letter on or about May 21, 2000 stating that it would no longer need plaintiff's services.

In its opposition to plaintiff's motion, defendant takes inconsistent positions. On the one hand, it seems to concede (as it did in its answer to the complaint) that the April 11 and April 17 letters amounted to a binding contract between the parties. On the other hand, it argues that the discussions and correspondence between April 17 and May 21 indicate that the parties had in fact never reached an agreement and that defendant was therefore free to walk away from the relationship. We think that this is not a valid position. The fact is that there was a binding contract, and, while the parties considered making further modifications to it, they never actually did so. While plaintiff offered further modifications, there was not an acceptance by the defendant. The result was that the original contract remained in full force and effect. A party can enter into negotiations to modify an existing contract without waiving its right to enforce the existing contract if the efforts at modification prove unsuccessful. That is what

happened here.  Defendant's letter of May 21, 2000, purporting to terminate its relationship with plaintiff, was of no effect.

Plaintiff's motion for partial summary judgment will be allowed, and it is ordered that the relationship of the parties to this case is governed by the contract of April 11, 2000 as modified by the April 17, 2000 letter.

Date:      January 27, 2003

ENTER:     _____
           John E. Grady, United States District Judge