# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5101 | **DATE** | 6/16/2003 |
| **CASE TITLE** | Mtge Recruiters Inc vs. 1st Metro Mtge | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached Report and Recommendation, this Court recommends that Plaintiff's Motion to Compel Responses to Discovery Requests, Or, in the Alternative, to Bar Defendant from Presenting Evidence Rebutting Plaintiff's Claim of Damages and for an Award of Sanctions should be granted in part with respect to reasonable expenses associated with the filing of multiple motions to compel and denied in part with respect to evidence preclusion and default. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 17 2003 date docketed | 74 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 6/16/2003 date mailed notice | |
| cav courtroom deputy's initials | | 03 JUN 16 PM 5:04 Date/time received in central Clerk's Office | cav mailing deputy initials | |



| | |
|---|---|
| MORGAGE RECRUITERS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 5101 |
| ) | Magistrate Judge Nan R. Nolan |
| 1st METROPOLITAN MORTGAGE CO. ) | |
| a/k/a FIRST METROPOLITAN MORTGAGE ) | |
| CO., and ELIE MELLUL, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case comes before the Court on Plaintiff's Motion to Compel Responses to Discovery Requests Or, In The Alternative, To Bar Defendant From Presenting Evidence Rebutting Plaintiff's Claim of Damages and For An Award of Sanctions. Plaintiff's motion should be granted in part with respect to reasonable expenses associated with the filing of multiple motions to compel and denied in part with respect to evidence preclusion and default.

## BACKGROUND

Plaintiff Mortgage Recruiters, Inc. ("MRI") seeks to recover commission fees allegedly owed under a contract between the parties for the placement of mortgage loan officers. MRI states that pursuant to the contract, it is entitled to a commission for each loan officer hired by Defendant 1st Metropolitan Mortgage Co. ("1st Metro") equal to 25% of the prior year taxable earnings of the hired loan officer. According to MRI, the commission fee applies to every loan officer hired by 1st Metro as a direct or indirect result of MRI's recruitment efforts. MRI asserts that 1st Metro breached the contract by failing to pay placement fees due and by wrongfully terminating the contract prior to the completion of the contractual one-year term. To determine the amount of fees to which MRI alleges

74

it is entitled, MRI has sought through discovery information regarding the number of loan officers hired between April 11, 2000 and April 11, 2001 as a result of MRI's efforts and the prior annual compensation of these new loan officers.[1]

MRI emphasizes that this is the fourth motion to compel it has filed in this action. On December 26, 2001, MRI filed its first motion to compel. MRI states that it voluntarily withdrew that motion when Defendants produced some responsive documents and assured MRI and Judge John F. Grady that production of the remaining documents was forthcoming. MRI filed its second motion to compel on May 20, 2002. On July 24, 2002, Judge Grady granted the motion and ordered Defendants to comply with MRI's First Request for Production of Documents by August 14, 2002. MRI states that Defendants served only 200 pages of documents on or about August 14, 2002. According to MRI, that production was incomplete.

MRI filed its third motion to compel on September 4, 2002. MRI explains that its motion was withdrawn when defense counsel again assured Judge Grady and MRI's counsel that responsive information and documents were forthcoming. MRI states that the current motion was provoked by verbal representations by defense counsel that no relationship between Alex Washington and 1st Metro exists and no responsive information exists regarding Alex Washington. MRI complains that Defendants refuse to provide a sworn response confirming these assertions.[2]

---

[1] MRI's discovery requests seek information for the period between April 11, 2000 and April 11, 2001. Defendants' response defines the relevant period as April 1, 2000 to April 1, 2001. Given that Judge Grady has previously ruled that the relationship of the parties to this case is governed by a contract dated April 11, 2000 and as modified by a April 17, 2000 letter, the Court assumes, without deciding, that the relevant time period is April 11, 2000 through April 11, 2001.

[2] Defendants did provide a sworn response regarding Alex Washington on March 7, 2003.

## DISCUSSION

In its motion to compel, MRI seeks an order compelling Defendants to produce documents in response to MRI's outstanding discovery requests and an order sanctioning Defendants for failing to comply with MRI's discovery requests and Judge Grady's order of July 24, 2002. MRI states that during Judge Grady's February 12, 2003 hearing regarding the present motion, he ordered Defendants to produce the outstanding documents and responses immediately. Accordingly, this Court considers the propriety of imposing sanctions.

MRI seeks sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b) and (d) provide that, if a party fails to comply with an order to provide discovery, fails to serve answers to interrogatories, or fails to serve a written response to a request to inspect documents, the court "may make such orders in regard to the failure as are just . . . ." Rule 37(b)(2) lists a number of possible sanctions, including an order that reasonable expenses caused by the disobedient party be paid; an order prohibiting the disobedient party from introducing designated matters into evidence, and an order rendering a default judgment against the disobedient party. See also Fed. R. Civ. P. 37(d). "Generally, sanctions may only be imposed where a party fails to comply with a discovery order and displays willfulness, bad faith or fault." Miller v. Pinkston, 1999 WL 691827, *2 (N.D. Ill. Aug. 25, 1999) (Grady, J.). A court may also award sanctions where a party displays "contumacious conduct," "dilatory tactics," or where less drastic sanctions have failed. Crown Life Ins. Co. v. Craig, 995 F.2d 1376, 1382 (7th Cir.1993).

The Court is given broad discretion to choose the appropriate sanction for discovery violations given the unique factual circumstances of the case. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43 (1976); Long v. Steepro, 213 F.3d 983, 988

(7th Cir. 2000) (stating "courts have considerable discretion in imposing sanctions to control their dockets."). However, a court's discretion to sanction litigants is not unfettered. "An award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." Crown Life Ins. Co., 995 F.2d at 1382.

MRI argues that the inaction and delay by Defendants in fully responding to MRI's discovery requests and Judge Grady's order of July 24, 2002 warrants sanctions. Defendants respond that they have acted in good faith and have substantially complied with MRI's requests. The Court finds that Defendants failed to timely produce documents and interrogatory responses to MRI and failed to comply with Judge Grady's ruling granting MRI's second motion to compel. For example, Defendants did not provide a response to Plaintiff's Second Set of Interrogatories to Defendants dated October 23, 2002 until March 7, 2003, subsequent to the filing of MRI's current motion to compel. Defendants provide no explanation for their delay in responding to these interrogatories regarding Alex Washington.

Moreover, MRI's first request for production of documents dated April 23, 2001 sought the production of (1) all documents reflecting, referring or relating to the contract dated April 11, 2000 and (2) all documents reflecting, referring or relating to the recruitment, hiring, or placement of loan officers hired by 1st Metro between April 11, 2000 and April 11, 2001. On July 24, 2002, Judge Grady ordered 1st Metro to comply with MRI's document request by August 14, 2002. MRI asserts, and Defendants do not dispute, that Defendants' production thereafter lacked (1) the contracts for all the loan officers hired from April 11, 2000 through April 11, 2001, (2) any documents supporting Defendants' contention that they independently procured such new-hires, and (3) any documents pertaining to Defendants' claim that MRI misled 1st Metro regarding any placement(s) or failed to

perform its obligations under the parties' contract.

Defendants' reasons for their failure to fully comply with their duty to timely respond to discovery requests and Judge Grady's ruling granting MRI's second motion to compel are entirely not satisfactory. Defendants note that in response to MRI's third motion to compel filed on September 4, 2002, they offered MRI's counsel "complete and unfettered access to all books and records at the compliance center" in Macon, Georgia. Defs' Resp. Exh. 7. Defense counsel explains that the personnel files located in Macon, Georgia were not shipped to Chicago because of the great expense involved and because shipping the files to Chicago would have disrupted the business operations of FMM. Defendants fail to mention, however, that on July 24, 2002 when MRI's counsel objected to Judge Grady about having to travel to Macon, Georgia to review documents responsive to Interrogatory 1(e), Judge Grady directed Defendants to produce all requested documents in Chicago. See MRI's Motion to Compel Responses to Discovery Requests and for an Award of Sanctions filed September 4, 2002 at ¶¶ 7, 8.

As evidence of their "extraordinary efforts" to respond to MRI's discovery requests, Defendants point out that defense counsel sent letters in September 2002 to 276 loan officers First Metropolitan Mortgage Co. ("FMM")[3] retained during the period April 1, 2000 to April 1, 2001 requesting a copy of their W-2s and 1099s.[4] This argument is unavailing. Defense counsel's letters do not excuse Defendants' failure to timely produce other requested discovery.

---

[3] 1st Metropolitan Mortgage Company is also known as First Metropolitan Mortgage Company.

[4] MRI states that it has not been provided with any information obtained in response to these sent letters. Defendants state that they received four responses. Defendants are ordered to produce such responses to MRI immediately.

The Court acknowledges that Defendants have produced numerous documents responsive to MRI's requests, including a CD-ROM containing information reflecting all residential mortgage loans closed at FMM during the year 2000 and the name of the procuring loan officer as well as all tax form 1099's issued by FMM to any loan officers for the year 2000. Nevertheless, even under Defendants' version of events, Defendants concede that they have only "substantially" but not fully complied with their duty to produce requested documents.

Defendants admit that they have not produced the personnel files for the persons hired between April 2000 and April 2001. Defendants represent that they have provided all requested information for persons hired between April 2000 and April 2001 and they will have the personnel filed transferred at their expense from New Jersey to Chicago and will have the files reviewed and organized by a paralegal or attorney for MRI's review. Defendants further state that a paralegal is currently working with a Human Resources Officer to review the personnel files for the information requested by MRI. The paralegal is reviewing the files of all loan officers that FMM provided tax form W-2 or tax form 1099 to during the relevant period for the following information: W-2 tax forms for employment prior to FMM; the tax return for the year prior to the loan officer's employment at FMM; verification of employment prior to FMM; and the employment application. MRI has been seeking discovery regarding the prior annual compensation of loan officers hired during the relevant period since April 23, 2001.

It has taken more than two years since MRI's first discovery requests were served, four motions to compel, and order granting a motion to compel by Judge Grady to secure compliance with MRI's discovery requests. Defendants were given numerous opportunities to fully comply. The Court, therefore, finds that Defendants' failure to timely comply with MRI's discovery requests and

Judge Grady's order constitutes "contumacious conduct" and "dilatory tactics" warranting sanctions.

MRI's current motion requested fees and costs associated its filing the four motions to compel and in addition, or in the alternative, to bar Defendants from introducing evidence of the number of loan officers hired by 1st Metro during the relevant period and the prior annual compensation of these loan officers to rebut MRI's calculation of damages. MRI requested for the first time in its reply brief that the most severe sanction of default be entered. The Court agrees that some sanction should be imposed against Defendants for failing to timely produce requested discovery and failing to comply with Judge Grady's July 24, 2002 order. Defendants failure to fully respond to MRI's discovery requests even after repetitive motions to compel and a court order evidences a pattern of delay which has proven time-consuming and costly for MRI. The Court concludes that MRI is entitled to the reasonable attorney's fees and costs incurred a result of having to bring multiple motions to compel.

Given the lack of prejudice to MRI, the Court finds that it is inappropriate to issue an evidence preclusion order or default judgment. While the Court has found inexcusable delay on Defendants' part in complying with MRI's discovery requests, entry of a default judgment or evidence preclusion order would be out of proportion to Defendants' dilatory conduct and the lack of prejudice MRI has sustained. MRI has not demonstrated any prejudice to its trial preparation from Defendants' actions. Moreover, discovery is still ongoing in the instant case. A review of the docket in this case shows that on December 4, 2002, Judge Grady vacated the December 13, 2002 discovery cut-off date, and no new discovery deadline appears to have been set.[5]

---

[5] MRI's surreply also questions the accuracy of some of the discovery produced by Defendants. MRI claims that discovery regarding Alex Washington, Peter Wildhage, Frank Garner, and Defendants' "Roster" establish that Defendants have provided false and misleading information

-7-

## CONCLUSION

For the reasons stated above, the Court recommends that Plaintiff's Motion to Compel Responses to Discovery Requests Or, In The Alternative, To Bar Defendant From Presenting Evidence Rebutting Plaintiff's Claim of Damages and For An Award of Sanctions be granted in part and denied in part. Defendants should be ordered to pay Plaintiff's reasonable fees and costs associated with filing four motions to compel.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. Lorentzen v. Anderson Pest Control, 64 F.3d 327, 330 (7th Cir. 1995).

**E N T E R:**

Nan R. Nolan
**United States Magistrate Judge**

**Dated:** June 16, 2003

---

in response to MRI's discovery requests. See MRI's Sur-reply, pp. 6-10. At this stage of the proceedings where no depositions have been taken, the Court believes the appropriate course for MRI to take is to conduct depositions to test the credibility and accuracy of documents produced by Defendants. If MRI still has concerns about the completeness and accuracy of Defendants' discovery productions and responses after taking depositions, it may file an appropriate motion seeking reasonable expenses for any additional time and effort necessitated by incomplete or inaccurate discovery responses and productions.